```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY et al., <br>     Plaintiffs <br><br>             v. <br><br> BIG CITY CHIROPRACTIC & SPORTS INJURY, INC. at al., <br>     Defendants. | )<br>)<br>)<br>)<br>) C.A. No. 15-13504-MLW<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

WOLF, D.J.                                          October 9, 2015

Plaintiffs in this action (collectively, "GEICO") seek five ex parte orders: appointment of special process servers under Federal Rule of Civil Procedure 4(c); a temporary restraining order prohibiting the defendants from alienating real property under Federal Rule of Civil Procedure 65(b); attachment by trustee process of personal property under Federal Rule of Civil Procedure 64 and Massachusetts Rule of Civil Procedure 4.2; a temporary restraining order prohibiting the destruction of documents under Federal Rule of Civil Procedure 65(b); and a scheduling order under Federal Rule of Civil Procedure 16.

A court may not grant an ex parte temporary restraining order unless the moving party "clearly show[s] that immediate and irreparable injury, loss, or damage will result" if notice is given to the adverse party. Fed. R. Civ. P. 65(b)(1)(A). Similarly, a trustee process order may not be entered ex parte unless "there is

a clear danger that the defendant if notified in advance of the attachment on trustee process will withdraw . . . credits from the hands and possession of the trustee and remove them from the state or will conceal them, or . . . that the defendant will dissipate the credits." Mass. R. Civ. P. 4.2(g).

Ex parte orders are to be reserved for extraordinary cases. See Krohn-Hite Corp. v. Berube, 372 F. Supp. 1262, 1264 (D. Mass. 1974) (citing Fuentes v. Shevin, 407 U.S. 67, 82 (1972)). An ex parte order may be appropriate when the adverse party, if given notice of the order, is likely to take action that "would render fruitless further prosecution of the action." First Tech. Safety Sys., Inc. v. Depinet, 11 F.3d 641, 650 (6th Cir. 1993). However, a bare assertion that the adverse party will dispose of assets or evidence is insufficient. See id. at 651. Rather, the moving party must show that the adverse party, or parties similarly situated, have a history of doing so. See id. (citing Am. Can Co. v. Mansukhani, 742 F.2d 314, 322 (7th Cir. 1984); Matter of Vuitton et Fils S.A., 606 F.2d 1, 2-5 (2d Cir. 1979)); see also Kronh-Hite, 372 F. Supp. at 1264 (finding allegation that adverse party's assets are liquid insufficient to support ex parte attachment by way of temporary restraining order).

Here, GEICO asserts that because the defendants have allegedly engaged in fraud and deceit, they are likely to destroy evidence and hide assets. This allegation is insufficient to

justify an ex parte temporary restraining order or trustee process order. Therefore, the motions are being denied without prejudice to a decision on the merits after the defendants have an opportunity to respond.

Accordingly, it is hereby ORDERED that:

1. GEICO's Ex Parte Motion for Appointment of Special Process Server (Docket No. 7) is ALLOWED.

2. GEICO's Ex Parte Motion for Temporary Restraining Order Concerning Non-Conveyance of Real Property (Docket No. 8) is DENIED without prejudice.

3. GEICO's Ex Parte Motion for Attachments by Trustee Process (Docket No. 9) is DENIED without prejudice.

4. GEICO's Ex Parte Motion for Temporary Restraining Order and Subsequent Preliminary Injunction Concerning Preservation of Documents (Docket No. 10) is DENIED without prejudice.

5. GEICO's Ex Parte Motion for Scheduling of Hearing Concerning Motions for Attachment and for Preliminary Injunction for Preservation of Documents (Docket No. 12) is DENIED without prejudice.

6. GEICO shall serve the Complaint and Jury Demand (Docket No. 1) on the defendants and promptly file proof of service with this court in accordance with Federal Rule of Civil Procedure 4.

3

7.  The defendants shall respond within three days after being served the summons and complaint.

8.  After the defendants have been served, the parties shall promptly confer and report whether they have reached agreement concerning any of the pending motions.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE