UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GOVERNMENT EMPLOYEES
INSURANCE  COMPANY, GEICO
GENERAL INSURANCE COMPANY and
GEICO INDEMNITY COMPANY,

        Plaintiffs,

vs.

BIG CITY CHIROPRACTIC & SPORTS
INJURY, INC., BRIAN ELIAS, D.C., MEGAN
BRATTON, D.C., KAREN DAVIS,
PROFESSIONAL SOLUTIONS INC., and PS
FUNDING, LLC,

        Defendants.

Civil Action No.:  1:15-cv-13504

**PLAINTIFFS' (GEICO'S) MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO DISMISS COUNTERCLAIMS OF KAREN DAVIS
(DKTS. 38, 39, 40)**

## I.      INTRODUCTION

On October 5, 2015, the plaintiffs, collectively "GEICO,"[1] filed a complaint alleging that

defendant Karen Davis ("Ms. Davis") unlawfully damaged it by participating in a fraudulent and

abusive insurance billing scheme.  In response, Ms. Davis improperly counterclaimed based on

statements in GEICO's complaint.  GEICO's complaint is absolutely privileged, and it is not a

legitimate subject for counterclaims.  The privileged character of GEICO's statements to the

Court is not altered by the interest of broader community, including the Boston Globe, in those

statements.  The counterclaims asserted by Ms. Davis, and to a limited extent, her companies,[2]

---

[1] Government Employees Insurance Company, GEICO General Insurance Company, and
GEICO Indemnity Company.

[2] Ms. Davis' companies, Professional Solutions, Inc. ("PSI"), and P.S. Funding, Inc. ("PS
Funding"), also filed Ms. Davis' counterclaims.  (*See* Dkts. 39 and 40, at 68 et seq.).  Neither PSI
nor PS Funding have given reasonable notice of counterclaims of their own, and to the extent the

fail to plausibly suggest other facts necessary to support the theories of action.  Accordingly, the counterclaims should be dismissed for failure to state a claim on which relief may be granted.

## II.     STANDARD OF REVIEW

A counterclaim must be dismissed if it fails to "plausibly suggest[ ]" that the [claimant] is entitled to relief," meaning the claimant fails to allege facts establishing "more than a sheer possibility that a[n] [opposing party] has acted unlawfully." Spinal Imaging Inc. v. State Farm Mut. Auto. Ins. Co., U.S. Dist. Ct., D. Mass. No. 12-11498-RWZ, 2013 U.S. Dist. LEXIS 58789, *4-*5 (Apr. 24, 2013), quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "[A] formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The Court casts aside "threadbare recitals of a cause of action's elements" and "mere conclusory statements." Iqbal, 556 U.S. at 663.[3] "[F]actual allegations that are 'merely consistent with' liability do not suffice. . . ." Spinal Imaging Inc., supra, quoting Twombly, 550 U.S. at 557.

In making those determinations, the Court may consider any matter susceptible of judicial notice. See, e.g., LoConte v. Forest Labs, Inc. (Celexa & Lexapro Marketing & Sales Practices Litig.), U.S. Dist. Ct., D. Mass. C.A. No. 14-13848-NMG, 2015 U.S. Dist. LEXIS 77698, *12 (June 15, 2015).[4] "[T]he existence and content of published articles," such as the contents of the Boston Globe newspaper, noted above, may be noticed, "particularly when, as here, they are not being considered for the truth of the matters reported." Kosilek v. Spencer,

---

documents are construed as efforts to plead counterclaims by the entity defendants, GEICO moves to dismiss also for failure to state a claim on which relief may be granted.

[3] A counterclaim must do more than "tender[ ] 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

[4] Quoting In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003).

889 F. Supp. 2d 190, 215 n.6 (2012) (Wolf, J.),[5] citing Ieradi v. Mylan Laboratories, Inc., 230

F.3d 594, 598 n.2 (3d Cir. 2000) (taking judicial notice of an article published in the New York

Times that was not in the record), and other decisions.[6]   Moreover, the Boston Globe

publication, noted above, is "central to" the counterclaims asserted by Ms. Davis, it is

"sufficiently referred to in [them]," and the authenticity of the article can be verified by resort to

resources whose accuracy cannot reasonably be questioned.   Curran v. Cousins, 509 F.3d 36, 44

(1st Cir. 2007), quoting Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993); see Fudge v.

Penthouse Int'l, Ltd., 840 F.2d 1012, 1015 (1st Cir. 1988) (document referenced by complaint

was "absolutely central" to claims); San Laendro Emergency Med. Group Profit Sharing Plan v.

Philip Morris Cos., 75 F.3d 801, 808-809 (2d Cir. 1996) (considering quoted documents that

were "integral" to complaint).   For those independent reasons, the Boston Globe news brief

referenced by Ms. Davis is susceptible of judicial notice and is filed herewith as **Exhibit 1**.

### III.   BACKGROUND

On October 5, 2015, GEICO filed its complaint in this matter.  (Dkt. 1).  The complaint

named six defendants, including Ms. Davis and her two companies, Professional Solutions, Inc.

("PSI") and P.S. Funding, Inc. ("PS Funding").  GEICO also named as defendants a chiropractic

---

[5] Reversed on other grounds, 774 F.3d 63 (2014) (5-2 decision).

[6] Collecting cases holding that a court may properly take judicial notice of newspaper articles and other published materials.  United States v. W.R. Grace, 504 F.3d 745, 766 (9th Cir. 2007)  (citing Twombly, 550 U.S. 569 n.13 (2007) (observing that, on appeal, courts have the discretion to expand the existing record to take judicial notice under Rule 201 of the existence and content of published articles); United States v. Isaacs, No. CR.A.07-732, 2008 U.S. Dist. LEXIS 81149, *2 n.4 (C.D. Cal. Sept. 19, 2008) (taking judicial notice of articles published in the Los Angeles Times and rejecting argument that those articles were not actually "spread on the record in this case"); Northwest Bypass Group v. United States Army Corps of Eng'rs, 488 F. Supp. 2d 22, 25-26 (D.N.H. 2007) (taking judicial notice of newspaper article, though limiting consideration of facts contained in article to those that appeared undisputed); U.S. ex rel Lam v. Tenet Healthcare Corp., 481 F. Supp. 2d 673, 680 (W.D. Tex. 2006) ("Pursuant to Rule 201(b), Courts have the power to take judicial notice of the coverage and existence of newspaper and magazine articles.").

clinic, its owner and supervisor, and its sole chiropractor in residence.  (Id.).  GEICO alleged

causes of action based on insurance fraud and abuse.  (Id.).  GEICO sought judgment for

damages, declaratory judgment, and injunctive relief.  (Id.).  In short, GEICO alleged that Ms.

Davis, an independent freelance "paralegal," acted through PSI and PS Funding to improperly

advertise bribes to individuals involved in low-speed automobile accidents.  Ms. Davis cross-

referred them to Big City Chiropractic & Sports Injury ("Big City"), knowing it was engaged in

a pattern of fraudulent overutilization of services involving unqualified persons.

GEICO alleged that defendants joined together to defraud it by laundering kickbacks as

non-recourse "loans," engaging in unlawful and fraudulent billing practices, unlawfully

delegating medical procedures to unskilled/unlicensed staff, and engaging in fraudulent billing

and recordkeeping.  (See id.)  GEICO invoked, among other things, the Racketeer Influenced and

Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961, et seq., the Massachusetts Consumer

Protection Statute, M.G.L. c. 93A, Massachusetts General Laws chapter 221, sections 43 and

44A concerning improper solicitation, the Declaratory Judgment Act, 28 U.S.C., § 2201, and

common law.  (See id.)

Within days, on October 9, 2015, the Boston Globe newspaper published a news brief

about GEICO's complaint in the daily business section.  (See **Exhibit 1**).  The short piece

appeared in a column entitled "Talking Points."  (Id.).  The article ran under the headline

"GEICO Sues Chiropractic Clinic, Alleging Fraud."  (Id.).  It was the third item in the "Talking

Points" column that day, the second by the same reporter concerning goings-on in the United

States District Court.[7]  The news brief ran, in its entirety, as follows:

---

[7] The earlier-appearing news brief in the same column reported that a business executive
had "appeared before a federal magistrate judge Wednesday. . . ."  (See **Exhibit 1** (first piece)).

> The auto insurer [GEICO] has sued a Dorchester chiropractic clinic for allegedly filing bogus medical claims.  [GEICO] and two affiliates seek a jury trial in their federal suit against five [sic] defendants, including Big City Chiropractic & Sports Injury, Inc. and the financial firms Professional Solutions Inc. and PS Funding LLC.  The insurer alleges racketeering and bribery, saying that Big City accepted patients who had been in minor accidents and billed as much as $380 an hour for treatment by 'unlicensed and unqualified' staff.  Professional Solutions and its manager Karen Davis allegedly steered patients to Big City.  The complaint alleges the companies conspired to submit claims for 'unnecessary and unreasonable services . . . for the purpose of defrauding insurers."  [GEICO] is seeking $110,000 in damages.  Alex Flores, executive vice president of a company affiliated with Big City Chiropractic, said she wasn't aware of the suit but said the claims were untrue.  Davis said she would review the case.

(Boston Globe, page C2, October 9, 2015, **Exhibit 1** (third item)).

On November 4, 2015, Ms. Davis filed two counterclaims in this matter.  (Dkt. 38; see also Note 2, supra).  In Counterclaim One, for "defamation," Ms. Davis alleged that "GEICO stated filed [sic] a[n] insubstantial, frivolous and not advanced in good faith [sic] suit against Ms. Davis."  (Dkt. 38 at 68).  Ms. Davis explained that GEICO's allegations were derogatory, and she recited a general description of GEICO's complaint.  (Id.)  Ms. Davis added that "[t]hese defamatory statements were also published in the Boston Globe."  (Id. at 69).

Ms. Davis styled Counterclaim Two as a claim for tortious interference.  (Id. at 69).  She asserted that GEICO "had knowledge of" her business relationships with "two law firms."  (Id.).  According to Ms. Davis, GEICO allegedly "made statements to clients whom Ms. Davis assisted in the capacity of a paralegal and made statements that were published in the Boston Globe. . . ."  (Id.).  Ms. Davis failed to provide factual details concerning "who, what, or where" with respect to these statements, other than referring to the Boston Globe.  Ms. Davis simply asserted the bare legal conclusion that, whatever the statements were, they were "wholly insubstantial, frivolous, and not advanced in good faith," and intentionally interfered with her relationship with unnamed clients.  (Id. at 70).  The counterclaim is devoid of details.  (See id.).

GEICO now moves to dismiss Ms. Davis' counterclaims.

## IV.    ARGUMENT

The Court should dismiss Ms. Davis' counterclaims for failure to state a claim on which relief may be granted.  First, Ms. Davis cannot counterclaim with respect to statements in the pleadings.  GEICO's statements in the complaint are absolutely privileged.  Ms. Davis' recourse is to defend GEICO's lawsuit, not to file her own.  Second, Ms. Davis' conclusory allegation of the legal standard for tortious interference fails to identify any body of facts on which the counterclaims rely, separate and apart from Boston Globe article, which merely reports on the Court's docket.  Ms. Davis has failed to "plausibly suggest" with reference to allegations of *facts* rather than "labels and conclusions," that GEICO is liable to her.  Accordingly, the counterclaims filed in triplicate by Ms. Davis and, to a limited extent, her companies, see Note 1, Dkt. Nos. 38, 39, and 40, should be dismissed for failure to state a claim on which relief may be granted.

### A.    Statements in GEICO's Complaint Are Subject to Absolute Litigation Privilege.

It is settled law that "statements by a party, counsel or witness in the institution of, or during the course of, a judicial proceeding are absolutely privileged provided such statements relate to that proceeding." Loltek-Jick v. O'Toole, Suffolk Super. Ct. C.A. 2009-2915-C, 2011 Mass. Super. LEXIS 320, *7-*8 (Dec. 15, 2011) (quoting Sriberg v. Raymond, 370 Mass. 105, 108 (1976)); see Tomaselli v. Beaulieu, U.S. Dist. Ct., D. Mass. C.A. No. 08-10666-PBS, 2010 U.S. Dist. LEXIS 42612, *30 (Mar. 10, 2010) (Dein, M.J.) (dismissing claims on basis of litigation privilege),[8] citing Frazier v. Bailey, 957 F.2d 920, 932 (1st Cir. 1992).  "The litigation privilege is not limited to defamation cases." Pegasystems, Inc. v. Manning, Middlesex Super. Ct. C.A. 2014-00973, 2014 Mass. Super. LEXIS 128, *4 (Aug. 15, 2014).  The privilege is "an

---

[8] Report and recommendation adopted 2010 U.S. Dist. LEXIS 146224 (April 1, 2010) (Saris, J.).

absolute defense to all [ ] claims for relief," with respect to all claims "arising out of the conduct of the parties and/or witnesses in connection with a judicial proceeding." O'Toole, supra at *9, quoting Sullivan v. Birmingham, 11 Mass. App. Ct. 359, 367-68 (1981). Allegations concerning state of mind are immaterial; the privilege applies regardless of such allegations. Pegasystems, supra at *5-*6, quoting Doe v. Nutter, McClennen & Fish, 41 Mass. App. Ct. 137, 140 (1996), and Giuffrida v. High Country Investors, Inc., 73 Mass. App. Ct. 225, 242 (2008).

The litigation privilege provides an affirmative defense. "Affirmative defenses . . . may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that 'the facts establishing the defense [are] clear on the face of the plaintiff's pleadings.'" Trans-Spec Truck Serv. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008), quoting Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir. 2001). Matters subject to judicial notice also may be considered. LoConte, supra. A counterclaim should be dismissed where it reveals that an affirmative defense applies and fails to "sketch" the "factual predicate" for an exception. See Trans-Spec Truck Serv. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008) (dismissal concerning statute of limitations).

> **B.     Count One for Defamation Entirely Is Based on GEICO's Privileged Conduct.**

Counterclaim One, for defamation, expressly and unambiguously is based on GEICO's statements in its complaint, and nothing else. (See Dkt. 38 at p. 68). Specifically, Ms. Davis alleges that "GEICO stated filed [sic] a[n] insubstantial, frivolous and not advanced in good faith suit [sic]" that contained allegations which Ms. Davis denied. (Dkt. 38 at p. 68).

Counterclaim Two fails because the allegations in GEICO's "suit," referenced in Counterclaim One, are absolutely privileged. E.g., Tomaselli, supra at 2010 U.S. Dist. LEXIS 42612, *30. Ms. Davis fails to allege that GEICO acted outside its privilege, and so fails to state

a claim for defamation, which requires "publication . . . without a privilege. . . ."  See Correllas v. Viveiros, 410 Mass. 314, 319 (1991).  GEICO's alleged motive is immaterial.  Doe, 41 Mass. App. Ct. at 140.

The interest of the wider community in this civil action, including the Boston Globe, does not create a cause of action against GEICO.  Ms. Davis focused on the Boston Globe news item. (Id. at 69).  The Court may take judicial notice of the article, which is filed here as **Exhibit 1**. The news brief unequivocally describes GEICO's litigation statements alone.  (See **Exhibit 1**). The only extrajudicial statements published by the Boston Globe were supplied by the defendants themselves.  The reporter paraphrased Ms. Davis as rather cautiously saying that "she would review the case."[9]  (Id.).  GEICO did not comment.  (Id.).

In this respect, the Massachusetts Appeals Court's decision in Sullivan v. Birmingham, is instructive.  See 11 Mass. App. Ct. 359, 360 (1981).  In Sullivan, a claimant alleged, among other things, that defendants had "maliciously included" allegations in a pleading, "with the intention that [the statements] would result in newspaper publication. . . ."  Id.  The Appeals Court ruled that the state of mind of the pleading parties were immaterial and that they "ha[d] an absolute defense to all of the . . . claims for relief."  Id. at 368.

GEICO was not "at fault for the publication of" the Boston Globe article; Ms. Davis failed to allege that GEICO did anything more than proffer its privileged pleas to the Court.  See Stanton v. Metro Corp., 438 F.3d 119, 124 (1st Cir. 2006) (reciting "at fault" requirement under law of defamation).  "As a matter of constitutional bedrock, a plaintiff must show fault in order to impose liability upon a defendant for defamation."  Shay v. Walters, 702 F.3d 76, 82 (1st Cir. 2012), citing Gertz v. Robert Welch, Inc., 418 U.S. 323, 346-47 (1974).  The pleadings are "a

---

[9] Even the paraphrase of Ms. Davis' statement was about the *case* pending in this Court, not any extrajudicial statements.  (Id.)

matter of public record and anyone, including the news media, ha[s] a right to obtain and publish them." Della-Donna v. Nova University, Inc., 512 So. 2d 1051, 1056 (Fla. App. 1987). Accordingly, Counterclaim One fails to state a claim on which relief may be granted.

### C.    Counterclaim Two Also Based on Absolutely Privileged Conduct.

Ms. Davis' second counterclaim, for tortious interference, also is predicated on GEICO's allegations in its complaint. Specifically, Ms. Davis alleges that GEICO is liable because it made "statements . . . that were published in the Boston Globe." (See Dkt. 38 at p 69-70). As set forth above, the news brief from the Boston Globe makes clear that those "statements" referenced in Counterclaim Two, are the ones contained in GEICO's complaint. The complaint is privileged. GEICO's litigation privilege extends to all theories of liability, and "[t]o rule otherwise would make [the privilege] valueless. . . ." Williams v. Mass. College of Pharm. & Allied Health Scis., U.S. Dist. Ct., D. Mass. No. 12-10313-DJC, 2013 U.S. Dist. LEXIS 46886, *18-*19 (Mar. 31, 2013), quoting Doe, 41 Mass. App. Ct. at 140.

### D.    Talismanic Labels and Conclusions Insufficient in Counterclaim Two.

Ms. Davis included an additional conclusory allegation in Counterclaim Two, which also is insufficient as a matter of law to state a claim for tortious interference. Ms. Davis alleges in a summary manner that "GEICO made statements to clients who[m] Ms. Davis assisted in the capacity of a paralegal. . . ." (Dkt. 38 at 69).[10] As noted, no subject matter was provided, nor identity, time, or place alleged with respect to these additional alleged "statements." The following paragraph alleges in further conclusory manner that GEICO's statements were "wholly insubstantial, frivolous, and not advanced in good faith." (Id. at 70).

This part of Counterclaim Two also fails to state a claim for several related reasons.

---

[10] The allegation was at the beginning of a paragraph that ended with allegations about the Boston Globe article. (See id.).

First, it long has been recognized that the low hurdle of Rule 8 is not cleared by a pleading that "sets forth a hazy mass of conclusions unhampered by any plain statements of the facts upon which the prayer for relief is based."  Toomey v. Wickwire Spencer Steel Co., 3 F.R.D. 243, 244 (S.D.N.Y. 1942).  A claimant must do more than assert a "formulaic recitation of the elements of a cause of action. . . ."  Twombly, 550 U.S. at 555.  Ms. Davis failed even to identify to whom the bare "statements" were directed, or who allegedly breached contracts with her as a result of those statements.  Counterclaim Two is excessively vague and conclusory, even by the generous standard of Rule 8.  See Spinal Imaging Inc., 2013 U.S. Dist. LEXIS 58789, *5 (dismissing complaint that failed to identify disputed contracts or contracting parties).

Second, the bare making of a "statement" by an insurer to a claimant or representative is something insurers are required by law to do.  Mass. G.L. c. 176D, § 3(9)(e), (f), and (n).  That much of the allegation in Counterclaim Two is consistent with an intention by an insurer to comply with its lawful duties, and does not plausibly suggest tortious conduct.

Third, to the extent that Ms. Davis is alleging that GEICO engaged in "misrepresentation or deceit," those acts would need to be, and were not, pleaded with particularity.  Declude, Inc. v. Perry, 593 F. Supp. 2d 290, 297 (D. Mass. 2008), quoting Ed Peters Jewelry Co., Inc. v. C & J Jewelry Co., Inc., 215 F.3d 182, 191 (1st Cir. 2000).  Any allegation of deceit must include "specification of the time, place and content of an alleged false representation."  Hayduk v. Lanna, 775 F.2d 441, 444 (1st Cir. 1985), quoting McGinty v. Volkswagen, Inc., 633 F.2d 226, 228 (1st Cir. 1980).  That is a "federally imposed rule."  Hayduk, 775 F.2d at 443.  Counterclaim Two does not remotely satisfy the particularity standard.  The boilerplate allegation that GEICO's statements were "wholly insubstantial, frivolous, and not advanced in good faith," is a

threadbare recital of conclusions, worthy of no weight in the Court's analysis.  <u>Twombly</u>, 550 U.S. at 555.

Fourth, Ms. Davis fails to plausibly suggest what was GEICO's true and improper motivation for the allegedly tortious "statements."  <u>See</u> <u>SEC v. Dresser Indus., Inc.</u>, 628 F.2d 1368, 1389 (D.C. App. 1980) (noting failure to "suggest[ ] [an] . . . improper motive" for investigation and "bare protestations of innocence do not suffice"); <u>Skyhook Wireless, Inc. v. Google Inc.</u>, 86 Mass. App. Ct. 611, 619 (2014) (dismissing claim for tortious interference because "advancing one's own economic interest, by itself, is not an improper motive"); <u>Barbosa v. Metro. Prop. & Cas. Ins. Co.</u>, Suffolk Super. Ct. C.A. No. 98-2021-E, *9 (Nov. 16, 1998) ("ferret[ing] out potentially false or exaggerated claims" is proper purpose of insurance investigation).  "[F]actual allegations that are 'merely consistent with' liability do not suffice." <u>Spinal Imaging Inc.</u>, <u>supra</u>, <u>quoting</u> <u>Twombly</u>, 550 U.S. at 557.  Counterclaim Two fails to state a claim on which relief may be granted, and should be dismissed.

## V.   CONCLUSION

For the reasons set forth above, GEICO respectfully requests that the counterclaims filed by Ms. Davis (and, if applicable, her companies), set forth in the pleadings filed as Docket Paper Nos. 38, 39, and 40, be dismissed for failure to state a claim on which relief can be granted.

Respectfully submitted,

GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO GENERAL INSURANCE
COMPANY, and GEICO INDEMNITY
COMPANY,

By its attorneys,


*/s/ Douglas R. Tillberg*
David O. Brink, BBO #547370
   *dbrink@smithbrink.com*
Douglas R. Tillberg, BBO#661573
   *dtillberg@smithbrink.com*
Matthew E. Bown, BBO#687184
   *mbown@smithbrink.com*
SMITH & BRINK, P.C.
350 Granite Street, Suite 2303
Braintree, MA 02184
Phone 617-770-2214
Dated:  November 24, 2015          Fax 617-774-1714


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants on **November 24, 2015**.


*/s/ Douglas R. Tillberg*
Douglas R. Tillberg