UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO GENERAL INSURANCE COMPANY and GEICO INDEMNITY COMPANY,<br><br>      Plaintiffs,<br><br>      vs.<br><br>BIG CITY CHIROPRACTIC & SPORTS INJURY, INC., BRIAN ELIAS, D.C., MEGAN BRATTON, D.C., KAREN DAVIS, PROFESSIONAL SOLUTIONS INC., and PS FUNDING, LLC,<br><br>      Defendants. | Civil Action No.:  1:15-cv-13504-MLW |

**PLAINTIFFS' (GEICO'S) MOTION TO DISMISS COUNTERCLAIMS OF BIG CITY, DR. ELIAS, AND DR. BRATTON (DKT. NOS. 45, 46, AND 47)**

For the reasons more fully described in the accompanying memorandum of law, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure the plaintiffs,[1] collectively "GEICO," respectfully request that the Court dismiss the counterclaims filed by defendants Big City Chiropractic & Sports Injury, Inc. ("Big City"), Brian Elias, D.C. ("Dr. Elias"), and Megan Bratton, D.C. ("Dr. Bratton").  The counterclaims fail to state any claims on which relief can be granted.  First, the RICO Act counterclaims asserted by Big City and Dr. Elias are devoid of any plausible suggestion that GEICO schemed to trick or deceive, and certainly the necessary allegations are not pleaded with particularity.  Second, the abuse of process counterclaims asserted by each defendant fail because GEICO has a right to prosecute its civil action.  Third, the disparagement counterclaims fail in that they are based entirely on GEICO's statements in its complaint, which are absolutely privileged.  Fourth, the counterclaims for unfair business

---

[1] Government Employees Ins. Co., GEICO General Ins. Co., and GEICO Indem. Co.

practices (Mass. Gen. L. c. 93A) and tortious interference fail because bare allegations of nonpayment of insurance claims (even allegedly meritorious ones) and exercise of rights to investigate claims, are insufficient to state a claim under those theories.  Moreover, the counterclaims are excessively vague in that defendants fail to identify so much as the insurance claims or the patient relationships that are in issue.

For those reasons, and as more fully explained in the the accompanying memorandum of law, GEICO respectfully requests that the Court dismiss all counterclaims asserted by Big City, Dr. Elias, and Dr. Bratton (see Dkt. Nos. 45, 46, 47, pp. 88, *et seq.*), for failure to state a claim on which relief can be granted.

Respectfully submitted,

GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO GENERAL INSURANCE COMPANY, and GEICO INDEMNITY COMPANY,

By its attorneys,

*/s/ Douglas R. Tillberg*
David O. Brink, BBO #547370
  dbrink@smithbrink.com
Douglas R. Tillberg, BBO#661573
  dtillberg@smithbrink.com
Matthew E. Bown, BBO#687184
  mbown@smithbrink.com
SMITH & BRINK, P.C.
350 Granite Street, Suite 2303
Braintree, MA 02184
Phone 617-770-2214
Dated:  December 10, 2015     Fax 617-774-1714

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I, Douglas R. Tillberg, counsel for the plaintiffs, GEICO, hereby certify that counsel for GEICO has conferenced in good faith with counsel for defendants Big City Chiropractic & Sports Injury, Brian Elias, D.C., and Megan Bratton, D.C., to narrow or resolve the issues presented in this motion, and that action by the Court nonetheless still is required.

*/s/ Douglas R. Tillberg*
Douglas R. Tillberg

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants on **December 10, 2015**.

*/s/ Douglas R. Tillberg*
Douglas R. Tillberg