UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE  COMPANY, GEICO GENERAL INSURANCE COMPANY and GEICO INDEMNITY COMPANY,<br><br>    Plaintiffs,<br><br>  vs.<br><br>BIG CITY CHIROPRACTIC & SPORTS INJURY, INC., BRIAN ELIAS, D.C., MEGAN BRATTON, D.C., KAREN DAVIS, PROFESSIONAL SOLUTIONS INC., and PS FUNDING, LLC,<br><br>    Defendants. | No.:  1:15-cv-13504-MLW |

**PLAINTIFFS' (GEICO'S) RESPONSE TO MOTION OF DEFENDANT
KAREN DAVIS TO "AMEND ANSWER" (DKT. 61, 62, 63)**

On November 4, 2015, defendant Karen Davis ("Ms. Davis") filed two counterclaims

against the plaintiffs, collectively "GEICO." (*See* Docket Paper Nos. 38, 39, 40).  GEICO

moved to dismiss the counterclaims on November 24, 2015.  (*See* Docket Paper No. 49).  Ms.

Davis failed timely to file an opposition and instead represented to GEICO, and later to the Court

in conference on December 16, that both counterclaims voluntarily would be dismissed.  The

Court ordered Ms. Davis to file any "voluntary dismissal of counterclaims" by December 21,

2015.  (Docket Paper No. 59, ¶ 1).

On December 21, 2015, Ms. Davis made a filing in the form of a motion,[1] in which she

affirmatively sought to "withdraw Count Two of her counterclaim."  (Docket Paper Nos. 61, 62).

The filing was consistent with Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, and

should be treated as notice of voluntary dismissal by Ms. Davis of said Counterclaim Two in

---

[1] This filing is in response to the December 21, 2015 motion of Ms. Davis.

Docket Paper Nos. 38, 39, and 40.  Ms. Davis' filing attached a proposed pleading identical to her November 4, 2015 answer and counterclaims.  (*See* Dkt. Paper Nos. 62-1, 63).  The notice of voluntary dismissal by Ms. Davis also should apply to the identical Count Two contained in the proposed new pleadings.  (*See* Dkt. Paper Nos. 62-1 at pp. 69-70, 63 at pp. 69-70).

As for Count One of the counterclaims, Ms. Davis evidently changed her mind about voluntarily dismissing that counterclaim.  Ms. Davis states that now she will attempt to prosecute Count One of her counterclaims, and that she will be briefing a memorandum responsive to GEICO's November 24, 2015 motion.  In the interests of justice, the Court should apply GEICO's pending motion to dismiss (Docket Paper No. 49) to Count One of the counterclaims, which as a result of the December 21 filings are on the Court's docket with identical language in Docket Paper Nos. 38, 39, 40, 62-1, and 63.  In the alternative, the Court should enter an order clarifying the schedule for further responses and motions in connection with Ms. Davis' remaining counterclaim.

Respectfully submitted,

GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO GENERAL INSURANCE
COMPANY, and GEICO INDEMNITY
COMPANY,

By its attorneys,

*/s/ Douglas R. Tillberg*
David O. Brink, BBO #547370
  *dbrink@smithbrink.com*
Douglas R. Tillberg, BBO#661573
  *dtillberg@smithbrink.com*
SMITH & BRINK, P.C.
350 Granite Street, Suite 2303
Braintree, MA 02184
Phone 617-770-2214
Dated:  January 4, 2016          Fax 617-774-1714

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants on **January 4, 2016**.


*/s/ Douglas R. Tillberg*
Douglas R. Tillberg