UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
NO.: 1:15-cv-13504-MLW

| | |
|---|---|
| GOVERNMENT EMPLOYEES, ) <br> INSURANCE COMPANY, et al. ) <br>                 Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> BIG CITY CHIROPRACTIC & ) <br> SPORTS INJURY, INC., et al., ) <br> ) <br>                 Defendants. ) | Memorandum of Law In Support <br> of Brian Elias's Opposition <br> To Motion to Dismiss Counterclaims |

Background

      GEICO has brought the instant action only after Brian Elias had sought payment for providing health care services for approximately 105 individuals who have motor vehicle policies with GEICO. Brian Elias brought causes of action on behalf of approximately 15 individuals whose claims for payment were denied by GEICO. GEICO has responded by initiating the instant causes of action alleging that Brian Elias has engaged in a fraudulent and abusive billing scheme.

      Brian Elias, by way of the five causes of action set forth by counterclaims has alleged that he has not engaged in any such fraudulent scheme, but that GEICO acting alone, and in concert with other motor vehicle insurance carriers, seeks to avoid paying the insurance claims and to put Dr. Elias out of business.

Standard of Review

      It is well-established that in order to survive motions to dismiss the counterclaims must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face. Ashcroft v. Iqbal, 556 U.S. 662 (2009); quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

A claim has facial plausibility when the plaintiff pleads factual content that allows the Court the possibility that the defendant has acted wrongfully. Ashcroft v. Iqbal, at 670. If the factual allegations in the complaint are too meager, vague or conclusory to remove the possibility of relief from the realm of mere conjecture the complaint is open to dismissal. S.E.C. v. Tambone, 597 F.3d 430, 442 (1st Cir. 2010).

By the instant counterclaim Brian Elias has alleged the following:

"Factual Allegations

3. Dr. Elias is the owner of Big City Chiropractic & Sports Injury, Inc. which has offices in Dorchester, Massachusetts, and provides Chiropractic services to the public.

4. While Big City provides chiropractic services to the public at large, the vast majority of its patients are either African-American or of Hispanic descent

5. That while providing chiropractic services Big City Chiropractic & Sports Injury, Inc. does seek direct payment pursuant to the Personal Injury Protection provisions of the respective automobile insurance policies.

6. Included, in the numerous insurance companies from which Big City Chiropractic & Sports Injury, Inc. sought direct payment for chiropractic services is GEICO.

2

7. Beginning in 2014, GEICO began a pattern of denying all such claims submitted by Big City Chiropractic & Sports Injury, Inc.

8. GEICO began to seek examinations under oath, of not only their own insured, the patients of Big City Chiropractic & Sports Injury, Inc., but of the chiropractic service providers employed by Big City Chiropractic & Sports Injury, Inc.

9. That the scope and percentage of claims subjected to examinations under oath and investigation far exceeded the percentage of similar claims submitted to GEICO from different geographic areas and other health care providers.

10. That in response to GEICO's denial of all submitted claims, Big City Chiropractic & Sports Injury, Inc. began bringing causes of action against GEICO for such payments.

11. That in retaliation of Big City's bringing such causes of action GEICO has filed the instant Complaint.

12. That at all times Big City Chiropractic & Sports Injury, Inc. and Dr. Elias have provided quality chiropractic services and has at all times complied with all applicable laws and regulations.

13. That at no time has Big City Chiropractic & Sports Injury, Inc. or Dr. Elias instructed any person to overbill for services or to provide chiropractic services that were not necessary for the particular patient.

14. That GEICO has brought the instant action, not to recover payments wrongfully paid to Big City Chiropractic & Sports Injury, Inc., or based upon any fraudulent misconduct, but really is an attempt to interrupt, interfere and terminate the ongoing business of Big City Chiropractic & Sports Injury, Inc.

15. That in furtherance of this scheme to put Big City Chiropractic & Sports Injury, Inc. out of business, GEICO has wrongfully conspired with other automobile insurance carriers to engage in a similar pattern of denying claims submitted by GEICO."

Brian Elias' allegations are more than conclusionary recitals, but expressly state that beginning in 2014, GEICO began a pattern of denying all PIP claims submitted by Brian Elias. Dr. Elias then states that in response it initiated causes of action for payment in accordance with the insurance policies, and that in retaliation GEICO has brought the instant cause of action. Moreover, that GEICO, has conspired with other insurance carriers to wrongfully deny all claims submitted by Brian Elias, so as to deprive him of income and effectively terminate his business.

Such allegations certainly give rise to a cause of action that is plausible on its face. Accordingly, the motions to dismiss the counterclaims must be denied.

I.   Rico Count

Dr. Elias has alleged that GEICO has engaged in a scheme to defraud it of the payments rightfully due for health services provided individually, and has used the U.S. Mail to deny such claims. GEICO has alleged that Dr. Elias used the mail to defraud it. Both GEICO and Dr. Elias have alleged fraud. However, Dr. Elias has alleged that GEICO's scheme involves a total denial of all claims. In United States v. Pendergraft, 297 F.3d 1198 (11th Cir. 2002), that Court stated defrauded signifies "…the deprivation of something of value by trick, deceit, chicane or overreaching". Here Dr. Elias has specifically alleged that beginning in 2014, GEICO has denied every claim submitted by Dr. Elias. This fact alone establishes that Dr. Elias has set forth a claim upon which relief is plausible.

II.   The 93A Count

Dr. Elias has realized that in denying every claim since 2014, GEICO has committed deceptive and unfair business practices. This is not the case where a party claiming an isolated or single denial of a claim, or where some claims are paid and others are denied, bur rather here Dr. Elias has alleged that, regardless of the circumstances or facts, every claim submitted by Dr. Elias has been denied. Under such circumstances relief is plausible and the motion to dismiss should be denied.

III.   Economic Relationships

In each matter denied by GEICO, Dr. Elias has alleged an existing contract with the injured party, by which the injured party, insured by GEICO, assigned their right to PIP benefits.

GEICO has, through its wrongful blanket denials, wrongfully interfered with this economic relationship and the motion to dismiss the counterclaim should be denied.

IV.    <u>Abuse of Power</u>

To set forth a cause of action for abuse of process a plaintiff must prove: 1) that process was used; 2) for an ulterior or illegitimate purpose; 3) resulting in damage. <u>Jones v. Brockton Public Markets</u>, 369 Mass. 387 (1973). See Also <u>Taylor v. Swartwout</u>, 445 F. Supp. 2d 98 (D. Mass. 2006). Abuse of process is injury from legal action with adequate basis in law and fact manipulated by party to secure collateral advantage not within the scope of the law. <u>Britton v. Maloney</u>, 981 F. Supp. 25 (D. Mass. 1997).

Dr. Elias has alleged that the true objective of the instant litigation is not to collect the approximately $46,000.00 paid by GEICO but rather to prevent Dr. Elias from submitting future claims. The counterclaim alleged sufficient facts to set forth a claim that is plausible and the motion to dismiss should be denied.

V.    <u>Commercial Disparagement</u>

A reading of the motion to dismiss indicates that the basis of this motion is that any disparaging statements made by or on behalf of GEICO was contained only in the pleadings, and are thus privileged.

By the instant counterclaim Dr. Elias has alleged: "That GEICO has published, or otherwise disseminated information by which it has wrongfully stated that Dr. Elias and/or Big City Chiropractic & Sports Injury, Inc. have committed fraud in the submission of claims."

6

The counterclaim makes no reference to any pleading and is sufficient to make relief plausible. Accordingly, the motion to dismiss should be denied.

        Respectfully Submitted,
The Defendant,
Brian Elias,
By His Attorney,

/s/Edward J. McCormick, III
Edward J. McCormick, III
McCormick & Maitland
Suite Six – Hayward Manor
195 Main Street
Franklin, MA  02038
(508) 520-0333
BBO #329780

CERTIFICATE OF SERVICE

I, Edward J. McCormick III, certify that the above document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be served upon any party or counsel of record who is not a registered participant of the Court's ECF system upon notification by the Court of those individuals who will not be served electronically.

/s/Edward J. McCormick, III